**Exhibits to Civil Complaint**

**Exhibit B: Allegheny County Family Division SOP (January 2025)** Document excerpt listing Tipstaff assignments, identifying David Etzi Jr. ("DJ") as courtroom staff under Judge Kim D. Eaton

This exhibit supports the plaintiff's claim that David Etzi Jr. was formally assigned courtroom duties and confirms his presence in an official judicial role during the June 18, 2025 hearing. The SOP document, sourced from the Allegheny County Family Division internal staffing records (January 2025), demonstrates DJ's professional role and establishes the concealment of his familial relationship to the presiding judge, which was not disclosed during proceedings.

## STANDARD OPERATING PROCEDURES

**KIM D. EATON, JUDGE**
**414 GRANT STREET**
**COURTROOM 814**
**CITY-COUNTY BUILDING**
**PITTSBURGH, PA 15219**

**CHAMBER PERSONNEL**

| | | |
|---|---|---|
| Judicial Administrative Assistant | Johnna Valente<br>jvalente@alleghenycourts.us | 412-350-5442 |
| Tipstaff | David Etzi (DJ)<br>detzi@alleghenycourts.us | 412-350-6331 |
| Law Clerk | Susan Malone<br>smalone@alleghenycourts.us | 412-350-1381 |

**JANUARY 1, 2025**

BEGINNING IMMEDIATELY, ANY MATTER SUBMITTED TO THE COURT, INCLUDING, BUT NOT LIMITED TO, MOTIONS, RESPONSES, MARITAL ASSET SUMMARIES, CUSTODY FORMS, ETC. MUST HAVE COUNSEL'S PREFERRED EMAIL ADDRESS ON THE COVER SHEET. IN THE EVENT PARTIES ARE SELF-REPRESENTED, HIS OR HER PREFERRED EMAIL ADDRESS MUST BE LISTED.

I.    **CONTACTING CHAMBERS**

1.    **GENERAL CONTACT**

Unless specifically requested by the Court or as permitted in these Standard Operating Procedures, the Court (which includes court staff) will not entertain e-mails, letters, or telephone calls requesting action of any kind. All matters shall be presented to the Court by way of the filing of an appropriate motion or petition. Unsolicited letters and emails will be returned, unread. This is true even if opposing counsel or party has been cc'd on the correspondence. Such communication is

# STANDARD OPERATING PROCEDURES

## KIM D. EATON, JUDGE
## 414 GRANT STREET
## COURTROOM 814
## CITY-COUNTY BUILDING
## PITTSBURGH, PA 15219

### CHAMBER PERSONNEL

| | | |
|---|---|---|
| Judicial Administrative Assistant | Johnna Valente<br>jvalente@alleghenycourts.us | 412-350-5442 |
| Tipstaff | David Etzi (DJ)<br>detzi@alleghenycourts.us | 412-350-6331 |
| Law Clerk | Susan Malone<br>smalone@alleghenycourts.us | 412-350-1381 |

## JANUARY 1, 2025

BEGINNING IMMEDIATELY, ANY MATTER SUBMITTED TO THE COURT, INCLUDING, BUT NOT LIMITED TO, MOTIONS, RESPONSES, MARITAL ASSET SUMMARIES, CUSTODY FORMS, ETC. MUST HAVE COUNSEL'S PREFERRED EMAIL ADDRESS ON THE COVER SHEET. IN THE EVENT PARTIES ARE SELF-REPRESENTED, HIS OR HER PREFERRED EMAIL ADDRESS MUST BE LISTED.

## I.      CONTACTING CHAMBERS

### 1.      GENERAL CONTACT

Unless specifically requested by the Court or as permitted in these Standard Operating Procedures, the Court (which includes court staff) will not entertain e-mails, letters, or telephone calls requesting action of any kind. All matters shall be presented to the Court by way of the filing of an appropriate motion or petition. Unsolicited letters and emails will be returned, unread. This is true even if opposing counsel or party has been cc'd on the correspondence. Such communication is still ex parte and prohibited unless requested by the Court.

The Court will often email counsel and/or parties orders and other documents from judicial chambers email addresses. These transmittal emails should not be responded to other than to indicate receipt and in <u>no</u> circumstances <u>should counsel or parties respond to these emails with substantial information or questions</u>. Such emails will not be acknowledged. Repeated violations will be met with sanctions.

The court's staff is prohibited by law from giving legal advice. If you do not have an attorney, the information desk on the first floor of the Family Law Center (440 Ross Street) can direct you to the appropriate department for further information OR you can get assistance by going to the court's website at: <u>www.alleghenycourts.us/family/departments</u>.

## 2.    **EMAIL CORRESPONDENCE**

Counsel and parties shall not engage in conversations with each other about procedures, settlement, or other matters on transmission emails or correspondence with the court or staff. Emails and correspondence should simply transmit motions or other pleadings being sent to the court. Side conversations and negotiations are <u>not</u> permitted and are unprofessional.

## 3.    **EX PARTE COMMUNICATION**

Counsel and/or the parties shall not engage in ex parte communication concerning a pending case with the Court or <u>staff</u>. Such communication may be deemed a cause for referral to the disciplinary authorities, or other appropriate sanctions.

## 4.    **INQUIRIES**

Inquiries concerning Court procedures should be directed to the Secretary, Tipstaff, or Law Clerk. Judicial staff is prohibited from answering inquiries regarding substantive and legal matters.

## 5.    **HOURS OF OPERATION**

The Judge's Chambers is staffed from 9:00 AM to 4:30 PM. On most days, staff goes to lunch from Noon to 1:00 PM. The Court discourages deliveries and/or visits except during the times staff is available. If staff is not in chambers, telephone calls are monitored and returned in a timely manner.

6. **LITIGANTS COMING TO JUDGE'S CHAMBER**

Unrepresented parties or represented parties without their counsel present are strictly prohibited from making personal visits to the Judge's Chambers. If a party does appear without explicit permission, a sheriff will be summoned.

7. **SCHEDULING CHANGES**

From time to time, Judge Eaton may change the date of a scheduled proceeding to accommodate emergencies on other matters and counsel and parties will be notified as quickly as possible. In such a case, phone calls or letters requesting a change from the newly scheduled change will be considered.

8. **CONFERENCE CALLS**

Counsel should never attempt to set up conference calls with the Court without prior approval.

## II. MOTIONS

### 1. SCHEDULING

The motions court schedule is available on the Court website at http://www.alleghenycourts.us.

**JUDGE EATON'S MOTIONS ARE IN PERSON UNLESS COUNSEL HAS BEEN NOTIFIED OTHERWISE. THIS MEANS ARGUMENTS WILL BE IN PERSON, WHETHER OR NOT AN ANSWER HAS BEEN FILED. FAILURE TO APPEAR BY THE RESPONDING PARTY WILL RESULT IN THE MOTION BEING GRANTED WITHOUT OBJECTION.**

Regular motions court is usually scheduled at **2:00 PM** Monday through Thursday. There are no longer motions scheduled on Fridays.

In addition, on rare occasions, motions may be cancelled, moved to another day and/or may be scheduled at a different time. This change will be reflected in the PLJ and the court website. The change will always be made at least seven (7) days in advance, except in the case of an extreme

emergency. In the event this occurs, the Court will also attempt to post any changes around the Family Division Courthouse and at the elevators in both courthouses. Accordingly, counsel should carefully check the schedule prior to notifying opposing counsel of presentation.

The court will not permit counsel to appear at motions remotely or by phone except in extremely rare circumstances (such as acute illness of counsel, out of town counsel for emergency motions, etc.) Requests because counsel "can't make it" or because counsel is at another scheduled hearing or trial will be denied. The court may permit counsel to respond in writing only, but this is by leave of court.

Counsel may mutually agree to waive oral argument and request resolution on the motion and any response. Counsel should send correspondence with the motion indicating that <u>both</u> parties agree that no argument is necessary.

## 2.    <u>**DELIVERY OF MOTIONS**</u>

Motions may be mailed, personally delivered or emailed to the court prior to the time scheduled for motions.   All motions must have the required Motions Admission Form which is available on the Fifth Judicial website. Emailed motions should be sent to motionseaton@alleghenycourts.us. The court **will not** accept motions delivered by fax. The motion or cover letter should **clearly** indicate the date of presentation. Failure to indicate the date of presentation may result in the motion being placed at the end of the list or not being placed on the list at all. The motion will be placed on the list when received.

If the motion is withdrawn or becomes a consent motion after sign-up, please notify the Tipstaff immediately so that the Court does not waste time reviewing those motions prior to the motion's start time. If a motion is withdrawn, the motion should be removed, and the name deleted from the list. If the motion has been submitted electronically, notice should be sent to the motionseaton email address. If a motion is not removed and no one appears in court, the motion will be denied with prejudice.

4

In the event a motion is filed electronically, the motion **must** still be presented to the Court in hard copy via motions for resolution. A copy of the electronically filed motion should be presented in court.

### ALL MOTIONS MUST HAVE THE EMAIL ADDRESS OF ALL COUNSEL/ PARTIES ON THE COVER SHEET.

Once a Motion and Response (if appropriate) are submitted, further replies/responses are not permitted absent leave of court. Any additional information presented beyond the original submission email may lead to the Motion being postponed – to be re-presented at a later date and time.

If a motion is transmitted by email, counsel will not receive an acknowledgement of receipt, nor should counsel call or email chambers to request acknowledgement of receipt.

### 3.    ACCEPTANCE OF MOTIONS

The Court will not accept contested motions after **12 noon on the day of motions.** The Court also requires any responses and/or answers to motions to be filed by that time. Responses will not be accepted at the time of the argument except in rare circumstances, and even then, there is no guarantee that the Court will review the response prior to ruling.

Uncontested and consent motions will be accepted any time and may also be sent to motionseaton@alleghenycourts.us. Counsel is responsible for picking up any uncontested and consented to motions and filing them with the DCR. If the order is not picked up in two business days, the order will be destroyed. Staff will not repeatedly request lawyers to pick up signed motions nor will orders be left on the open table.

Consent custody orders must be accompanied by the Custody Consent Verification Form, and the Criminal Record and Abuse History Verification which we are now required by Kayden's Law. These forms can be found on the Fifth Judicial Website.

4.    **SIGN UP SHEETS**

Although the sign-up sheets are usually placed outside chambers several days prior to scheduled motions court, motions may be dropped off or emailed prior to that time; however, they must be accompanied by a cover letter, which clearly indicates the time and date of presentation. Motions that are "dropped off" without an appropriate cover letter or without being listed on the sign-up sheet **will not be scheduled**.

5.    **ACCOMPANYING CORRESPONDENCE**

The cover letter transmitting the motion should contain no substantive information. Any and all-pertinent matters should be contained in the motion itself. Any information contained in cover letters will not be considered.

6.    **ONGOING CASES**

If a motion is being presented on a case with which the Court is familiar, counsel should notify the tipstaff so that the Judge's file may be brought to motions' court.

7.    **MOTIONS AT CONCILIATIONS**

Motions may be presented at a scheduled conciliation, but only upon proper seven (7) days' notice to opposing counsel. Motions may be accepted with less than seven (7) days' notice only with consent of all counsel. It is not necessary to have consent to present motions at conciliations except with less than seven (7) days notice.

8.    **SUFFIX – VERY IMPORTANT**

**All motions should be clearly marked with 006 or should contain some explanation (by post-it note, etc.) as to why no or a different suffix has been added. Counsel should be aware that from time to time the DCR mistakenly lists Judge Eaton as the "assigned" judge because personnel in the DCR have seen Judge Eaton's stamped AJ signature on an order and they believe it is assigned to her. The listed suffix on the DCR controls the assignment, not the listed "assigned" judge. Failure to include any suffix will result in the motion being returned to you and will delay presentation of motion. It is not the job of court staff to check the DCR for missing suffixes.**

9.    **DOCKET NUMBERS**

This Court will <u>not</u> entertain motions without a docket number. Counsel or parties should **ALWAYS** acquire a docket number prior to presentation.

10.    **EMERGENCY MOTIONS**

Emergency motions on Judge Eaton's cases should be sent to motionseaton@alleghenycourts.us. The motion should clearly state that it is an emergency, why it is an emergency, and the timetable counsel is requesting for consideration. <u>In the event counsel requests a decision prior to the end of the day of submission, counsel must also call chambers and alert the secretary or tipstaff</u> that the motion is in the email awaiting consideration. Failure to call may likely result in the motion not being reviewed in time.

Judge Eaton will no longer be utilizing the "emergencyeaton" email. All motions, whether emergency or not should be sent to motionseaton@alleghenycourts.us.

Depending on the nature of the motion, Judge Eaton may decide the matter on the pleadings or by setting up an emergency argument by TEAMS or in person. Judge Eaton may also determine that the matter is <u>not</u> an emergency and will inform counsel via email.

Judge Eaton will consider all emergencies in her assigned cases and the motion should <u>not</u> be presented to another judge unless directed to do so by Judge Eaton.

11.    **QDRO'S**

Judge Eaton will sign QDRO'S dropped off at chambers or mailed to chambers even if the case is not an 006 case. QDRO's <u>may not</u> be sent through email as often a live signature is required by the plan administrator. Counsel should make arrangements to pick up the QDRO or should provide a self-addressed, stamped envelope. Chambers will not mail out a copy unless the self-addressed envelope is provided.

12.    **SCHEDULING MATTERS BEFORE THE COURT**

Most matters are scheduled through the docket clerk in the Family Law Center. As a courtesy to counsel, the docket clerk may contact counsel for "bad dates" prior to scheduling, but depending on volume, this may not occur. Judge Eaton has instructed the docket clerks to wait no longer than 48 hours for response from counsel, and if the docket clerk does not hear from counsel within the timeframe, the docket clerk is to schedule on the first available date. If that date is a conflict for counsel, counsel must present a motion for continuance.

Counsel may also arrange to pick up any scheduling orders from chambers and take the order to the docket clerk for scheduling after conferring with opposing counsel for available dates.

Counsel should also note that while it is this Court's policy to work with counsel's schedule when setting trial and other dates, the Court will not tolerate "unavailability" for months at a time. Counsel should not risk his or her credibility with the Court and/or should arrange for substitute counsel if lead counsel is not immediately available.

## III.    SELF REPRESENTED PARTY MOTIONS (PRO SE MOTIONS)

1.    **Self-Represented Parties.**

a.    <u>For Child Support/Divorce motions:</u>  A self-represented party who has an existing case in the Family Division and is seeking to file a motion with the Court should appear at the Information Desk in the Family Law Center at 440 Ross Street Monday through Thursday 8:00 AM and 11:00 AM to meet with staff in the Client Service Center.  In addition, self-represented parties may call (412) 350-5600 or email <u>1stFOP@pacses.com</u> with questions about court procedures. No legal advice will be given.

b.    <u>For Child Custody Motions (not support motions)</u>

1.    The Family Division will no longer assist with the preparation of custody motions for self-represented litigants.  Litigants must prepare their own motions using their own documents. No legal or other advice will be given through the Court.

2.    Completed motions shall be dropped off at the Information desk in the Family Law Center Monday – Friday from 8:00 a.m. to 12:00 p.m. with a cover sheet listing contact information for the presenting party and responding party including email addresses, home addresses and telephone numbers.  If this information is not provided, the Court will not be able to schedule the motions and will not do so.

3.    Court personnel will review the submissions and will provide the presenting party with instructions for time and place for presentation to the assigned judge.

4.    Self-represented litigants are responsible for providing the Respondent with a copy of the motion and the notice of presentation date as well as filing the original motion with the Department of Court Records.

a.    Self-represented parties must follow the above instructions to submit motions to the Court.  The Judge will not accept motions submitted directly from self-represented

8

parties.  Motions submitted by self-represented parties directly to the Judge will be returned with instructions to follow the above outlined procedure.

b.      Self-represented parties responding to a non-emergency motion may submit a response at the Information Desk in the Family Law Center.  Responses must be   dropped off at least 24 hours prior to scheduled motions or there is no guarantee it   will be delivered to the Court on time.  The original response must be filed with the  Department of Court Records and the litigant must serve a copy on the other party.

c.      **Self-represented litigants are NOT permitted to call and discuss substantive matters with the Court's staff.  Staff is NOT permitted to give legal advice of any kind**.

d.      **Self-represented litigants are NOT permitted to come directly to chambers to serve   motions, responses, and/or other documents.**

e.      Emergency Motions:

If a litigant wishes to file an "emergency" motion (meaning motions presented with less than seven days notice because of a perceived emergency) the self-represented litigant shall follow the above procedures for regular pro-se motions (not emergency motions procedure for lawyer represented motions).  When the motion is presented to court personnel, the litigant should indicate that the litigant believes it is an emergency.

Self-represented litigants must follow this pro se motion procedure, (not the procedure for counsel motions), and in no case should the motion be sent directly to the judge.

f.   Non-Emergency Motions will be heard during the Court's pro se motions court time slot at 1:00 P.M.  The parties are expected to appear at 814 City-County Building (note that Judge Eaton's courtroom is not in the Family Law Center) and be prepared to explain their motion or response to the Judge and to answer any questions that the Judge may have.

5.      The Court will hear pro se motions one (1) hour prior to regular motions (1:00 p.m. Monday through Thursday).  The Court will hear pro se motions in the following order:

a.      Motions to amend or vacate PFA's

9

b.     Motions with private counsel opposing the motion

c.     Motions involving the county solicitor

d.     Fee waiver requests

e.     All other motions.

6.     The court will only entertain pro se motions or cases with the suffix 006.

7.     The parties are forewarned that the court starts pro se motions court promptly at the scheduled time. Failure to appear may result in the motions being denied or granted without the opposing party being present. In the event both parties fail to timely attend, the court will refuse to hear a motion until the next motions court.

8.     Pro se litigants should note that Judge Eaton's motions are heard on the 8th floor of the City-County Building, <u>NOT</u> the Family Law Center. Litigants should plan their arrival considering security requirements in the building.

9.     Pro se litigants are expected to follow all rules of court and also shall comply with this court's Standard Operating Procedures.

10.     Pro se motions shall <u>never</u> be provided directly to the Judge's chambers, but rather pursuant to the above rules.

11.     **<u>Pro se litigants are NOT permitted to come directly to chambers to drop off motions, responses, and/or other documents</u>.**

12.     Pro se litigants are not permitted to call or email to discuss substantive matters with the court's staff. This would include questions about "interpretation" of an order or asking the staff to explain orders. The staff is strictly prohibited by law and legal ethics from providing legal advice. Repeated violations of this rule will result in fines, sanctions or referral to the sheriff.

13.     Pro se litigants do not have to comply with the local "Meet and Confer Rule" in order to have a motion heard but are certainly encouraged to try to resolve matters with opposing party prior to coming to court.

14.     Pro se litigants are also prohibited from emailing staff directly any documents or other information unless it is outlined in a court order or specifically requested.

## IV.    GENERAL MOTION RULES

### 1.    OTHER JUDGES' CASES

The Court will not entertain motions or matters assigned to another Judge unless that matter is a consent motion **and** does not involve enforcement of another judge's order or scheduling for another judge's calendar.  The Court may, at its discretion, hear emergency matters involving cases assigned to another Judge on very, very rare occasions as all adult division judges have procedures that emergencies be presented directly to the assigned judge via email.  In the event Judge Eaton does agree to hear a motion, counsel is forewarned that the matter must be a true emergency, **and** it will be this Court's policy to enter a temporary order until such time as the matter can be heard by the Judge assigned to the case.  The assigned Judge **must** be served with a copy of the motion so that the matter can be discussed between the Judges.  Failure to follow this procedure will result in the motion being denied.  It is **not** an emergency if counsel simply is not available when the assigned Judge is scheduled.

### 2.    CONSENT ORDERS

**a.**    The Court, if time permits, will sign consent orders prior to the beginning of motions court.  In the event there is any problem with the consent motion or proposed order, it will be dealt with in motions.  Counsel should not assume that the order will be signed and must be available in the event the Court has questions.  Additionally, someone should be available to pick up and to file the order.

**b.**    Counsel may also send consent orders through motionseaton@alleghenycourts.us.

**c.**    The Court will permit Consent Orders to be dropped off for the Court's signature. Whether sent through email or dropped off, counsel is responsible for retrieving and filing the signed Consent Order.  Under **no circumstances** will the Court be responsible for filing the order or for mailing back the signed Consent Order.  Counsel must come to chambers to pick up the signed order.

**d.**    The tipstaff will notify counsel when the consent order is signed and will place the signed order outside of chambers.  In the event the order is not picked up in two    business days, the signed order will be destroyed.

**e.**    Again, counsel should note the requirements of Kayden's Law when submitting custody orders.

3.    **DISCOVERY MOTIONS**

The Court will not entertain discovery motions that do not comply with the requirements of a completed chart of the questions and responses (commonly called "discovery matrix"). Failure to comply may result in the Court's refusal to hear the matter.

Counsel should note that the Court does not automatically send all discovery matters to a discovery hearing officer unless the issues are complicated or voluminous. As such, if counsel does not want to have a delay in resolution or incur the cost of the discovery hearing officer, efforts should be made to simplify and narrow the issues prior to presentation of the motion.

4.    **MEET AND CONFER**

a.      Pursuant to Local Rule, counsel MUST confer prior to the filing and/or presentation of any motion before the Court and are to attempt, in good faith, to reach amicable resolution of the issues involved.

b.      Every contested motion filed <u>MUST</u> contain a standard certificate of compliance setting forth a brief statement of the extrajudicial means employed to resolve the dispute. The form can be found on the Fifth Judicial website.

c.      Failure to comply with this rule may result in sanctions including refusal to entertain the motion. Good faith efforts toward amicable resolution shall be considered as a factor in determining whether or not the requested relief is appropriate, the propriety of sanctions, or in determining the exigency of circumstances, if relevant.

d.      As stated earlier, pro se litigants do not have to comply with the Meet and Confer rule but should nevertheless attempt to resolve matters with the opposing party if possible.

5.    **SENSITIVE MATTERS**

When presenting motions, counsel should be cognizant that once the motion is filed with the DCR, all pages of the motion, including the attachments and exhibits, will be scanned and published on the DCR. Accordingly, counsel should be particularly careful about attaching documents of a sensitive nature and/or documents with social security numbers or financial information. In the event such information is pertinent to the matters contained in the motion, but counsel does not want this information on the Department of Court Records website, counsel should submit this

information separately, but simultaneously, with the motion. In no circumstances should counsel or the party wait until the motion is being argued to submit pertinent documents.

In addition, from time to time there may be motions involving lawyers' personal cases, or prominent individuals in the Pittsburgh area. If requested, the Court will entertain these motions last so that the courtroom will be empty.

### 6.    **PRESENCE OF A SHERIFF**

The Court does not routinely request a sheriff present during exceptions or regular motions court. If you feel that a sheriff's presence might be advisable, please notify the tipstaff in advance. This is particularly important now that the judge's courtroom is in the City-County Building, and a sheriff may not be in close proximity. When in doubt please err on the side of caution.

### 7.    **COURT REPORTER**

The City-County Building does not have an audio system. Therefore, if counsel wishes to have a matter transcribed during motions or exceptions, counsel should alert chambers at least by the day before so that a court reporter can be requested.

### 8.    **ADMINISTRATIVE ORDERS**

Counsel should be familiar with all Administrative Orders and local rules, including, but not limited to, the rule prohibiting continuance of a support hearing within 30 days of a scheduled date. Continuances, even if consented to, will not be granted within the 30-day period, except for good cause, appropriately pled in the motion for continuance.

### 9.    **COURTESY COPIES**

Counsel should immediately provide the Court's secretary with a courtesy copy of any signed orders scheduling a matter before the judge or changing any date which has been scheduled directly before the Court. This rule is particularly true with regard to emergency matters, but this covers all scheduling matters before the Court – conciliations, hearings, and trials. Failure to do so will result in the matter not being placed on the judicial schedule and creates the possibility that counsel may arrive for a matter that has not been scheduled on the judge's docket.

### 10.    DIVORCE HEARING OFFICER CONCILIATIONS

Parties may bypass an initial equitable distribution conciliation and proceed directly to a divorce hearing officer conciliation by consent. The standard consent order which contains payment requirements can be presented in any way other "consented to" orders are presented, including by email to motionseaton@alleghenycourts.us, or in open court, or by dropping off in chambers. The form can be found on the court website.

### 11.    ORDERS ESTABLISHING GROUNDS FOR DIVORCE

**A.**    Parties must obtain an Order of Court approving grounds for divorce as set forth in Pennsylvania Rule of Civil Procedure 1920.42 before scheduling an equitable distribution hearing with a Divorce Hearing Officer or the Court can be scheduled. The statutory requirements for grounds to be established are set forth in 23 Pa. C.S.A. §3323(9).

**1.**    For reference, a blank Praecipe for Order approving Grounds for Divorce is available at www.alleghenycourts.us/family. It can be submitted along with a proposed Order Approving Grounds for Divorce to chambers by emailing it to motionseaton@alleghenycourts.us. Failure to submit through this particular email may delay the ultimate resolution. (For example, sending it to a staff member directly may result in the matter not being acted upon). In addition, if the praecipe is "dropped off" at chambers, counsel or messenger should alert the tipstaff or secretary that it has been provided.

**2.**    If grounds for divorce have been properly established, the Court will issue an Order Approving Grounds for Divorce (which counsel should provide to the court) and will provide the order to counsel/parties.

**3.**    If grounds for divorce are **not** established, the order will deny the grounds for divorce and give a reason for the denial. The order will be sent to counsel/parties.

**4.**    The Order Approving Grounds for Divorce is not required for a conciliation either before the judge or a DHO.

### 12.    CUSTODY OF EXHIBITS IN COURT PROCEEDINGS

1.    Please review Rule 5101.4 Family Division Custody of Exhibits at the following link:  New-Local-Rule-on-Exhibits-Family-Division.pdf(alleghenycourts.us)

14

2.      This rule applies to all proceedings before Judge Eaton.  The party requesting the exhibit be admitted is the court designated custodian of the exhibit.  The only exception to this is when the proponent of the evidence is a self-represented (Pro Se/Litigant without an Attorney) litigant, in which case judicial staff will serve as the custodian of the exhibit.

3.      Any party seeking to admit evidence must have each exhibit clearly labeled PRIOR to the proceeding.  The party proponent of the evidence must be prepared to provide a copy of the exhibit.

4.      The party proponent of the exhibit must also keep an index of the exhibits.  This index must list, and all of the party proponent's exhibits, must be filed with the Department of Court Records (DCR) within five (5) business days upon the conclusion of the hearing.  This index list must indicate    whether the exhibit was admitted or rejected into evidence and provide a description or identification    of the exhibit.  The proponent is required to email Court staff at motionseaton@alleghenycourts.us    once this has been completed, as required by rule.

5.      **It is the responsibility of the proponent/custodian of the exhibits to maintain a copy of their exhibits, maintain a copy of the index/exhibit list, and to comply with this rule for all proceedings.**

## V.    <u>COURT SCHEDULE</u>

### 1.      <u>CONCILIATIONS</u>

Any conciliations (custody, equitable distribution, and special matters) will continue to be <u>conducted remotely</u> via Microsoft TEAMS unless the scheduling order expressly provides otherwise. Chambers will send a TEAMS invitation for participation to counsel/ parties.  Counsel is responsible for forwarding the invitation to their clients; however, at least initially, conciliations will begin with lawyers only.  If you do not receive an invite in a timely fashion, please call chambers.

### 2.      <u>COMPLIANCE WITH ORDERS</u>

It is the Court's expectation that counsel shall comply with all Orders of Court prior to attendance at conciliation.  Failure to timely file appropriate documents, such as stipulations, offers, pre-trials, etc., **<u>will</u>** result in a continuance of the conciliation and/or the imposition of fines and

counsel fees. In situations where a second (or third) conciliation has been scheduled and amended marital asset summaries are ordered, an **amended** marital asset summary should be filed. Counsel may not simply inform the Court that "nothing has changed" and such actions will be fined or sanctioned. Additionally, failure to file may result in a continuance.

3.    **COURT'S STANDARD ORDERS**

Counsel should be familiar with the Court's standard orders for conciliations, pre-trials and trials, which are different from the orders utilized by other Family Division Judges. Standard orders accompany the Court's scheduling orders, but such orders are also available by calling the tipstaff or secretary.

4.    **TIMELINES**

Court, including conciliations and arguments, shall begin promptly at the appointed time. Lateness may result in the proceedings beginning or even taking place without counsel, and in extreme cases, imposition of fines and/or counsel fees. Promptness is also expected of parties and witnesses.

Counsel should be aware of time constraints. Scheduling conciliations too close together could result in counsel or parties being late for another judge's proceeding or for a scheduled court matter such as a custody department conciliation. If this becomes a repetitive problem, sanctions will be imposed.

Except in very rare circumstances, attendance in another hearing or courtroom, which delays counsel, will not be considered a valid excuse --- counsel should schedule his or her day accordingly.

5.    **MEETING WITH COURT PRIOR TO TRIAL**

If counsel believes that a meeting with the Court on the day of the proceeding or prior to a trial or hearing may be helpful or necessary, both counsel should inform the tipstaff as early as possible. If the meeting is to be protracted, every effort should be made to schedule it prior to the time set for the trial to commence. For example, if trial is to start at 9:30 a.m., counsel should endeavor to schedule the meeting at 9:00 a.m. or before.

6.      **SETTLEMENT**

In the event the matter is settled prior to conciliation or trial, counsel shall be responsible for notifying the docket clerk and the Court so that the matter can be removed from the Court's calendar, and the Court's docket opened for that day.  An appropriate order must be provided to the Court, or the matter will not be removed from the schedule and counsel may be fined for non-appearance.

## VI.   EXCEPTIONS

Arguments on exceptions will be in person unless otherwise notified by the Court.  The Court will usually hear exceptions arguments in the order listed in the PLJ and on the court website.  From time to time, the Court may move an argument to the beginning of the list, for good cause. However, such a procedure will be the exception and will be dealt with on a case-by-case basis. Counsel should note that exceptions are often withdrawn or continued, so the published list may not be accurate for timing.  Failure to appear at the scheduled time because a case is later on the list is done at counsels' or the parties' peril.  Exceptions may be submitted on briefs alone by mutual consent.  Counsel should jointly notify motionseaton@alleghenycourts.us email if argument is waived.

## VII.  MISCELLANEOUS PROCEDURES

1.      **COUNSELING/THERAPY**

The Court's orders requiring counseling and/or therapy in custody cases shall be enforced unless a party seeks appropriate relief.  In the event either party fails to comply, counsel fees and/or sanctions may be imposed.

In addition, when the parties are ordered to utilize Our Family Wizard, the Court expects the parties to do so, and to do so in a timely fashion.  Failure to do so will result in sanctions including fines or delay of proceedings.

2.    **PROPOSED ORDER**

Counsel and/or parties will be required to submit a proposed Order of Court at either the time of, or prior to, any trial or hearing. Depending on the proceeding, the Court may request proposed findings of fact.

3.    **EXHIBITS AFTER TRIAL**

The Court will retain exhibits until 40 days after a final decision or order is entered if no appeal to the order is taken. If an appeal is filed, the Court will retain documents until five (5) days after the Court's opinion to the Appellate Court is filed. After those time periods, if counsel or the parties do not request return of the documents, the documents will be destroyed. It is counsel's or the party's responsibility to request return of the exhibits.

4.    **FINAL PFA PROCEDURES**

Final PFA's with the 006 suffix are usually initially scheduled for conciliation before the Court on a particular date scheduled. A hearing may or may not be scheduled on the same day as the conciliation. If a final hearing is necessary and the Court cannot find time that day, the Court will attempt to schedule the hearing as expeditiously as possible.

VIII.    **COURTROOM DECORUM**

1.    **CHILDREN**

Children who are the subject of the litigation or who are in anyway involved in the litigation are **under no circumstances** to be present in the courtroom during a proceeding unless requested by the Court. Counsel shall advise clients to make appropriate childcare arrangements. Children should never be brought to conciliations without acquiring permission from the Court. Counsel and parties should be familiar with the location of the Children's Playroom in the Family Law Center and its hours of operation.

The Court's procedure for scheduling child testimony can be found in the order scheduling the proceeding.

At trial or other hearing, the Court may or may not hear children's testimony depending on the proceeding or need. In the event it is determined that a child's testimony is required, the Court

will usually hear children's testimony at the end of the proceeding. This is so that the child does not have to testify twice if something new comes up in trial.

Counsel and parties shall carefully review this Court's pretrial order which requires that the Court be notified if the child is to testify.

The Court will use discretion as to whether counsel will be permitted to directly question the child. If a child is to be interviewed, and the Court determines that counsel may not directly question the child, counsel and parties shall prepare a list of proposed questions for the child which will be entered into the record. It is in the Court's discretion as to whether any or all of the questions will be covered by the Court's examination.

With the exception of PFA hearings, if the parties are represented by counsel, the parties will not be permitted in the courtroom or chambers during the child's examination.

### 2.    <u>PRESENCE OF PARTIES</u>

Counsel should advise clients that while they are welcome to attend motions or arguments on exceptions, they are not permitted to address the Court unless requested by the Court to do so. This includes third parties who are present on behalf of a party. <u>Counsel shall advise the Court that their clients are present in the courtroom</u> particularly during motions and/or exceptions.

## IX.    <u>TRIAL PROCEDURE</u>

### 1.    <u>HYBRID HEARINGS</u>

The Court will conduct all trials and hearings in person with the ability to have certain witnesses available through TEAMS. The specifics of the proceeding, including who can and cannot appear remotely, will be dealt with on a case-by-case basis. Counsel and parties are expected to attend in person unless specifically excused by the Court. A request by counsel or parties to appear remotely will rarely be granted.

### 2.    <u>COUNSEL AND PARTIES SHALL BE FAMILIAR WITH THE TEAMS APP.</u> Counsel shall also ensure any witnesses are familiar with the protocol.

**TEAMS Hearing Protocols for Witnesses**

- Download and be familiar with Microsoft TEAMS technology, and please practice and have clients practice using the TEAMS application prior to any scheduled matters. Under no circumstances should the witnesses be downloading and becoming familiar with the app on the day of the hearing.
- All TEAMS appearances for witnesses shall be via VIDEO unless excused by the judge in advance.
- ALL PARTICIPANTS appearing via TEAMS must be in a quiet place with a stable internet connection. No other individuals should be present.
- Counsel should be aware that if they intend to call witnesses and/or have their clients participate in the proceedings, it is counsel's responsibility to forward the Microsoft TEAMS invite. If a witness cannot appear via TEAMS or is unable to get the TEAMS application to work, the case may proceed without such testimony.
- If you have not received a TEAMS link by 3 pm on the business day before you were expecting one, please email detzi@alleghenycourts.us for the link.
- Calling chambers and requesting that the link be resent after chambers has previously sent the link will be frowned upon.

3. **TIME ALLOTMENT**

In all cases, but particularly in custody cases, counsel should be mindful of the time allotted for trial and should plan his or her presentation accordingly. Additional trial time may not be available for several months.

4. **START AND END TIME**

Court procedures shall begin promptly at the scheduled time. Trial shall end at approximately 4:30 p.m. After 4:30 pm, there are no sheriff deputies available, and the Court will not risk the safety of participants because counsel could not finish on time.

5. **EXPERT TESTIMONY**

Counsel should cooperate in scheduling an expert's testimony. The Court will always consider taking expert testimony out of order. Unless a party has a reasonable objection, experts may testify remotely.

6.    **DIFFICULT LEGAL ISSUES**

If difficult questions of law or evidence are anticipated during the trial, counsel should alert his or her opponent and the Court should be provided with a Memorandum of Law, in duplicate, at least one (1) day prior to the time it is anticipated that the question will arise.

7.    **ORDER TO VIEW THE PENNSYLVANIA BAR ASSOCIATIONS CO-PARENTING VIDEO**

From time-to-time, the Court will order the parties to view the PBA's Co-Parenting Video. The Court expects that the parties will fully comply with this order and may question the parties on compliance.  If the Court finds there has not been compliance, sanctions will be entered.

8.    **EXHIBITS**

When documents are to be entered into evidence and/or presented to the Court, counsel should provide copies to opposing counsel and to the Court. The Court will not tolerate repeated requests for the Court to "make copies".  Counsel should prepare accordingly.  Multiple requests for making copies because counsel did not anticipate use of the document will be frowned upon.

For extended or complicated trials, counsel is encouraged to prepare a trial book of exhibits for the Court which are appropriately marked.

9.    **WITNESSES**

Witnesses, including the opposing party, should be treated with fairness and consideration. Witnesses should not be shouted at, ridiculed, or abused in any manner.

These Standard Operating Procedures may be amended from time to time and are available outside chambers or on the Fifth Judicial website.

These Standard Operating Procedures are not exhaustive and many of the Court's preferred and mandated procedures are contained in the Court's scheduling orders, for example, the Court's Pretrial Order for hearings.  Counsel and parties are expected to not only follow the requirements of the Standard Operating Procedures, but also all scheduling and other orders.